J-S39010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LATIFA HARRIS | : | |
| | : | |
| Appellant | : | No. 77 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 14, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007280-2022

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED:  January 29, 2025**

Appellant, Latifa Harris, appeals from the judgment of sentence entered by the Allegheny County Court of Common Pleas on December 14, 2023, following her conviction for criminal mischief.  Appellant claims that the trial court abused its discretion by permitting a witness to testify to an inculpatory statement that the Commonwealth failed to disclose in violation of Pa.R.Crim.P. 573.  After careful consideration, we affirm.

The trial court, following a bench trial, convicted Appellant of criminal mischief for damaging the elevator door at a Pittsburgh apartment building. The court recounted that Ms. Kanika Scandolari, the apartment building's property manager, testified that she received multiple complaints on November 20, 2021, from tenants reporting "that the elevator was not working and that there was a mess in the lobby."  Trial Ct. Op., 2/2/24, at 2

(citations omitted). Upon inspection, Ms. Scandolari found food in the lobby and a dent in the elevator door, which subsequently cost $5,000 to repair.

Relevantly, the Commonwealth attempted to elicit Ms. Scandolari's testimony regarding a subsequently destroyed surveillance video as well as her testimony regarding a phone call she received from Appellant, in which Appellant allegedly admitted to damaging the elevator door. Defense counsel objected, asserting that the Commonwealth failed to disclose either the video or the inculpatory statement as required by Rule 573. Counsel sought dismissal of the case or "at least exclusion" of the testimony. N.T., 12/14/23, at 17. Notably, counsel did not seek a continuance to address Ms. Scandolari's testimony regarding the phone call. The court sustained the objection to the video but stated that "I might let her testify to the discussion." *Id.* at 18.

Following the sidebar discussion, Ms. Scandolari testified that "[b]ased on residents' reports, [she] contacted tenant, Willie Miles, and advised him that [Appellant, Mr. Miles' girlfriend,] was no longer permitted in the building and that a police report was being filed." Trial Ct. Op. at 2 (citations omitted); N.T. at 18-20. Ms. Scandolari stated that Appellant subsequently called her, apologized for throwing candy in the lobby, and admitted that she kicked the elevator door when Mr. Miles picked her up during an argument. Ms. Scandolari further claimed that Appellant "begg[ed her] not to press charges" because she was pregnant. N.T. at 26.

The defense presented the testimony of Appellant and Mr. Miles. Appellant admitted that she threw Skittles in the building during an argument

with Mr. Miles but denied damaging the elevator door. Indeed, she denied even using the elevator, claiming that she "always walk[ed] the steps." N.T. at 44. Appellant testified that she called Ms. Scandolari and apologized for throwing the candy but denied damaging the elevator. *Id.* at 41-42. Mr. Miles testified that Appellant threw candy "downstairs" "around the elevator" during an argument with him but denied seeing her kick the elevator. *Id.* at 46-47. Contrary to Appellant, Mr. Miles stated that he and Appellant used the elevator to get to his apartment on the 7th floor. *Id.* at 49-50.

At the conclusion of the bench trial, the court found Ms. Scandolari credible and Appellant not credible, noting that both Ms. Scandolari and Mr. Miles contradicted Appellant. Trial Ct. Op. at 5; N.T. at 78-79. Consequently, the court found Appellant guilty of Criminal Mischief, graded as a second-degree misdemeanor, and imposed a sentence of one year of probation and $5,000 in restitution.[1]

On January 12, 2024, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the trial court abused its discretion regarding an inculpatory statement made by [Appellant] that was not previously disclosed in violation of Pa.R.Crim.P. 573?

Appellant's Br. at 5.

---

[1] 18 Pa.C.S. § 3304(a)(5).

- 3 -

"The resolution of issues regarding pre-trial discovery in criminal cases is entrusted to the trial court's discretion and will be upheld absent an abuse of that discretion." ***Commonwealth v. Holt***, 273 A.3d 514, 548 (Pa. 2022). Likewise, evidentiary determinations are "within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." ***Commonwealth v. Miller***, 172 A.3d 632, 646 (Pa. Super. 2017) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence or the record." ***Id.*** at 646-47 (citation omitted).

Pennsylvania Rule of Criminal Procedure 573 governs pretrial discovery with the purpose of preventing "trial by ambush." ***Commonwealth v. Lynch***, 242 A.3d 339, 350 (Pa. Super. 2020) (citation omitted). Rule 573 requires the Commonwealth to disclose evidence that is "(1) requested by the defendant, (2) material to the case, and (3) within the possession or control of the prosecutor." ***Miller***, 172 A.3d at 647. In relevant part, the Rule mandates that the Commonwealth disclose "the following requested items or information, provided they are material to the instant case[:]"

> any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth[.]

Pa.R.Crim.P. 573(B)(1)(b).

While Rule 573 "imposes greater obligations upon prosecutors" than the requirements of **Brady v. Maryland**, 373 U.S. 83 (1963), courts rely upon **Brady** principles in determining "materiality" under the Rule. **Commonwealth v. Maldonodo**, 173 A.3d 769, 774 (Pa. Super. 2017) (*en banc*). Specifically, "the touchstone of materiality is whether there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." **Commonwealth v. Willis,** 46 A.3d 648, 670 (Pa. 2012)

If the Commonwealth fails to properly disclose evidence under Rule 573 the court may order the Commonwealth "to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances." Pa.R.Crim.P. 573(E). Moreover, a discovery violation "does not automatically entitle [an] appellant to a new trial. Rather, an appellant must demonstrate how a more timely disclosure would have affected [her] trial strategy or how [she] was otherwise prejudiced by the alleged late disclosure." **Commonwealth v. Causey**, 833 A.2d 165, 171 (Pa. Super. 2003) (internal citations and quotation marks omitted). An appellant's failure to request a continuance to address newly disclosed evidence suggests that appellant's "counsel believed that no additional time or strategy was needed" to address the new information and, thus, that the appellant did not suffer prejudice due to the late disclosure. **Commonwealth v. Jones**, 668 A.2d 491, 513 (Pa. 1995).

Before this Court, Appellant asserts that the Commonwealth violated Rule 573 when it "failed to inform the defense prior to trial that its key witness, Ms. Scandolari, would testify at trial that [Appellant] called her on the phone and made an incriminating statement regarding the incident in question." Appellant's Br. at 15. In its Rule 1925(a) Opinion, the trial court rejected Appellant's argument, concluding that Ms. Scandolari's testimony was not "material" to Appellant's guilt. Trial Ct. Op. at 4. The court reasoned "that if the prosecution advised defense counsel in advance of trial that Ms. Scandolari would testify that the [Appellant] admitted to kicking the elevator door, the [Appellant] would have proceeded to take the stand, as she did, and lie about the call." *Id.*

Appellant responds that the trial court's conclusion is "pure speculation." Appellant's Br. at 21. Appellant emphasizes that Ms. Scandolari's testimony was the only evidence that Appellant damaged the elevator door. *Id.* at 20. Appellant contends that if the defense had been aware of Ms. Scandolari's testimony, Appellant "very likely would have countered Ms. Scandolari's testimony through means other than testifying in her own defense" and "may have elected not to have a trial at all." *Id.* at 21. Appellant requests a new trial, claiming that the Commonwealth's failure to disclose the evidence "deprived [Appellant] of her constitutional rights to due process and a fair trial." *Id.* at 22.

After review, we conclude that Appellant's claim warrants no relief. Appellant failed to demonstrate that she suffered the requisite prejudice to

obtain relief due to a discovery violation. At trial, defense counsel did not seek a continuance to address the new evidence, and Appellant still fails to indicate in her brief to this Court how her defense would have differed had she known of Ms. Scandolari's testimony earlier. Instead, she merely claims that she might have countered the testimony "through means other than testifying in her own defense." *Id.* at 21. By failing to indicate how her strategy would have differed if the evidence had been disclosed timely, Appellant has failed to demonstrate prejudice necessitating a new trial. Accordingly, we conclude that the trial court did not abuse its discretion in permitting Ms. Scandolari's testimony regarding Appellant's phone call.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/29/2025